The third case of the morning is United States v. Jimenez. Mr. McAuley. Good morning. May it please the Court, Counsel Richard McAuley from the firm of Ropes & Gray, and I represent the appellate, Mr. Jimenez, in this case. The issue on appeal is whether the sentence imposed in this case by the District Court is substantively unreasonable under 18 U.S.C. 3553A. And this morning, although we'll stand on our briefs, I'd like to focus on one element of the sentence that increased the sentence range in the guidelines by five years or nearly five years in this case. It's a nearly decade-old conviction of Mr. Jimenez for domestic violence. In 2004, Mr. Jimenez pled guilty to domestic battery. That incident involved a fight that ensued when Mr. Jimenez went to his ex-girlfriend's apartment to retrieve some of his belongings. He pled guilty. He was sentenced to 28 days in jail, and he served that. And because domestic battery is a crime of violence, it is subject to a 16-level enhancement of his offense level. That's the same level of enhancement for murder, kidnapping, rape, and other such offenses. The crime that Mr. Jimenez is accused of and has pled guilty to in this case is that of illegal reentry. And that has a base offense level of 8. So this one conviction for domestic violence, nearly 10 years old, resulted in an increase of his offense level from 8 to 24, and that carried with it within the guidelines a nearly five-year increase in the recommended sentence under the guidelines. But when we focus on the rationale that was provided by the district court for entering a 77-month sentence in this case for illegal reentry, you can see that in the appendix at 8.5, pages 15 and 16. The district court lays out its reasoning for adopting the 77-month sentence, which is the low end of the guideline when you take a level 16 offense and also a level 6 criminal history. The rationale all goes to recidivism, the number of offenses that were found in Mr. Jimenez's file. There's no discussion, and that recidivism under the guidelines goes to increasing the criminal history category, taking it up to a level 6, which has a sentence enhancement embedded in it as well. That's one way of increasing the sentence under the guidelines is the criminal history category. And the district court pointed out and read a list from a summary, as is stated on page 15, the number of offenses and based the sentence on recidivism. There is no discussion by the district court of the facts and circumstances as required by 18 U.S.C. 3553A of the offense that enhanced Mr. Jimenez's sentence by nearly five years. Given the serious impact of that one conviction on the offense level here from 8 to 24, carrying a five-year increase, there should be some discussion in this opinion from the district court. There should be some rationale given, some consideration of the circumstances of that one offense. Well, did the pre-sentence report, I mean, he tended to use baseball bats, pipes, and even guns. Doesn't that sound somewhat violent? Certainly, Your Honor. Certainly, those incidents all go into increasing his criminal history points, and he's at the highest level. There's no disputing that. It's at level six. The question is, it's this one offense that fits the definition of a crime and violence in the guidelines and enhances his penalty by nearly five years. Those other offenses do go to increasing the sentence. There's no doubt about that. That's not disputed. But the specific definition of a crime of violence under the guidelines only encompasses this one 10-year-old event for which he was sentenced to 28 days in jail. And that one offense led to, in and of itself, a nearly five-year increase in the sentence in this case. And with that, we would argue, Your Honor, that it's substantively unreasonable and an abuse of discretion to fail to take those circumstances into account given the impact of that one conviction on the overall sentence in this case. Absent some indication of how the district court took that into consideration, it is our position that this case should be remanded for consideration of those issues and consideration specifically of the impact that that one 10-year-old conviction for domestic violence had on the offense level and taking it from an offense level of eight to an offense level of 24, increasing the sentence by nearly five years with that one fact. If there are any further questions, that's all I have. Thank you. Thank you, Mr. McCauley. Ms. Bonamy. May it please the Court, Counsel, good morning. The within guidelines sentence imposed by the district court in this case was substantively reasonable, and the defendant is offered nothing to rebut the presumption of reasonableness that applies to that sentence. In his argument, my opponent focuses on a single conviction, but as Judge Kaney pointed out, the defendant's criminal history was far broader than that. In fact, the defendant's criminal history reflected an escalating pattern of violence, violence against women and multiple violations of protective orders and probation orders and virtually every kind of order that was imposed upon him while he was in the United States. And indeed, the only break in the defendant's criminal history that was shown by the record was mostly explainable by the fact that the defendant had been deported and was out of the country for approximately five years by his own account. The record reflects that the district court very carefully considered the entirety of the defendant's criminal history, found that he was a recidivist of the highest order, and also independently determined that a 77-month sentence was appropriate in this case, separate and apart from what the guidelines required. This court has held that the district court need not even consider an argument that is raised with respect to the penological background of a guideline that's not attached to a specific individual characteristic of a defendant, and that is the type of argument that the defendant has proffered in the district court and has proffered to this court on appeal. That cannot serve as a basis for finding this sentence substantively unreasonable. For all of these reasons and the reasons stated in our brief, if the court has no further questions, the government would request that the sentence and the conviction of the defendant be affirmed in this case. Thank you, counsel. Anything further, Mr. McAuley? Just briefly. As the district court did, opposing counsel focuses on the recidivist nature of my client, and under the sentencing guidelines, that is accounted for in the criminal history category. Like the district court, there's no discussion of this one incident, the facts and circumstances regarding this incident that are required to be analyzed, required to be explained, required to be looked into in increasing the offense level here from a level 8 to a level 24. A level 8 offense carries with it, with a criminal history category of 1, a sentence guideline of 0 to 6 months. With a criminal history of 6, which Mr. Jimenez has here, it carries a sentence guideline of 18 to 24. The one incident, the 10-year-old incident, increases that sentence range from 12 to 18 months, or excuse me, from 18 to 24 months to 77 to 96 months. Substantively unreasonable to not consider that, take it into account, and address it in sentencing, Mr. Jimenez. Thank you very much. Thank you. Mr. McAuley, the court appreciates your willingness and that of your law firm to accept the appointment in this case, and we appreciate your assistance to the court as well as your department. Thank you. The case is taken under advisement.